UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-103-FDW

| STANLEY CORBETT, JR., | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | **ORDER** |
| FRANK PERRY, et al., | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on periodic status review.

*Pro se* Plaintiff's Complaint pursuant to 42 U.S.C § 1983 passed initial review on claims against several Defendants including Lee Alan Rushing. (Doc. No. 9). The North Carolina Department of Public Safety was unable to procure a service waiver for Defendant Rushing but filed his last known address under seal. (Doc. No. 14). The U.S. Marshal was instructed to serve Defendant Rushing in compliance with Rule 4 of the Federal Rules of Civil Procedure on October 11, 2018. (Doc. No. 15). The summons was returned unexecuted as to Defendant Rushing on November 26, 2018, because the Deputy Marshal attempted service on two occasions, encountered several large dogs in Defendant's yard, and deemed service unsafe. (Doc. No. 25).

Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. However, if an incarcerated plaintiff proceeding *in forma pauperis* provides the Marshals Service sufficient information to identify the defendant, the Marshals Service's failure to complete service will constitute good cause under Rule 4(m) if the defendant could have been located with reasonable effort. See Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995).

1

Before a case may be dismissed based on failure to effectuate service, the Court must first ensure that the U.S. Marshal has used reasonable efforts to locate and obtain service on the named defendants.  See Greene v. Holloway, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. Mar. 22, 2000) (where the district court dismissed a defendant in a Section 1983 action based on the prisoner's failure to provide an address for service on a defendant who no longer worked at the sheriff's office, remanding so the district court could "evaluate whether the marshals could have served [Defendant] with reasonable effort").

The Court will instruct the U.S. Marshal to use reasonable efforts to locate and obtain service on Defendant Rushing if safe means of doing so are available.  Defendant's home address shall be redacted from the summons forms for security purposes following service on Defendant Rushing.

**IT IS SO ORDERED**.

The Clerk is respectfully instructed to mail a copy of this Order to the U.S. Marshal.

Signed: November 27, 2018

Frank D. Whitney
Chief United States District Judge