UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-103-MOC

| STANLEY CORBETT, JR., | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | **ORDER** |
| FRANK PERRY, et al., | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on Maxim Healthcare Services, Inc.'s Motion to Intervene for Limited Purposes and Motion for Extension of Time, (Doc. No. 40).

The Federal Rules of Civil Procedure provide that the court must permit anyone to intervene as a matter of right who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). A party seeking intervention as of right must meet all four of the following requirements: (1) the application to intervene must be timely; (2) the applicant must have an interest in the subject matter of the underlying action; (3) the denial of the motion to intervene would impair or impeded the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the existing parties to the litigation. Houston Gen. Ins. Co. v. Moore, 193 F.3d 838, 838 (4th Cir. 1999). Timeliness is a "cardinal consideration" that is committed to the discretion of the district court. Brink v. DaLesio, 667 F.2d 420, 428 (4th Cir. 1981).

Maxim, the former employer of Defendants Randy Vanscoten and Susan Patch, seeks to

1

intervene to protect its interests and on behalf of Defendants Vanscoten and Patch for the limited purposes of moving to dismiss for lack of personal jurisdiction and/or moving to quash service of process on these Defendants due to defective service. Maxim and its counsel have been unable to locate Defendants Vanscoten and Patch to obtain permission to accept service on their behalves or enter appearances in this case. Counsel for Maxim is unable to view the sealed summons returns for Defendants Vanscoten and Patch without making an appearance in this matter. Maxim argues that its Motion to Intervene is timely, Maxim is interested in the subject matter of this action because it may become responsible for any judgment as to the state tort claim under the doctrine of *respondeat superior*, Maxim's ability to protect its former employees from entry of default without being permitted to intervene and address personal jurisdiction and service, and Maxim's interest as these Defendants' former employer is not represented by existing parties. Maxim satisfies Rule 24(a)(2) and its motion to intervene will be granted.

Maxim also requests a 21-day extension of time to review the summonses and prepare an appropriate motion and memorandum. The extension of time will be granted for good cause shown until **March 6, 2019**.

**IT IS, THEREFORE, ORDERED** that Maxim's Motion to Intervene for Limited Purposes and Motion for Extension of Time, (Doc. No. 40), is **GRANTED** as stated in this Order.

Signed: February 14, 2019

Max O. Cogburn Jr
United States District Judge