UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-103-MOC

| | |
|---|---|
| STANLEY CORBETT, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **ORDER** |
| | ) |
| FRANK PERRY, et al., | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on Intervenor Maxim Healthcare Services, Inc.'s Motion to Dismiss and Motion to Quash Service as to Defendants Vanscoten and Patch, (Doc. No. 45).

### I. BACKGROUND

*Pro se* Plaintiff filed this civil rights suit pursuant to 42 U.S.C § 1983. The Complaint passed initial review on claims against several individuals including Defendants Randy Vanscoten and Susan Patch. (Doc. Nos. 1, 9). The U.S. Marshal was unable to serve Defendants Patch and Vanscoten despite repeated efforts and the Court ordered Plaintiff to submit new summons forms after service failed. See (Doc. Nos. 15, 17, 31, 32, 33, 36, 37). On January 29, 2019, new summonses were returned executed for Defendants Patch and Vanscoten. (Doc. Nos. 38, 39). Maxim, the former employer of Defendants Patch and Vanscoten, filed a Motion to Intervene for Limited Purposes to protect its interests and on behalf of those Defendants, which was granted. (Doc. Nos. 40, 42).

Maxim has now filed the instant Motion to Dismiss and Motion to Quash Service, arguing

1

that this action should be dismissed as to Defendants Patch and Vanscoten without prejudice pursuant to Rules 4(m), 12(b)(2), and 12(b)(5) of the Federal Rules of Civil Procedure. The Court entered an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), notifying Plaintiff of the importance of responding to the Motion and cautioning him that the failure to respond would likely result in Maxim being granted the relief it seeks. (Doc. No. 47). Plaintiff did not file a Response and the time for doing so has expired.

## II.  LEGAL STANDARDS

A motion pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure is the appropriate means of challenging the sufficiency of service of process. The plaintiff bears the burden of establishing that the service of process has been performed in accordance with the requirements of Rule 4 of the Federal Rules of Civil Procedure.

Rule 4(e), which governs the service of process upon individuals located in the United States, provides that service may be accomplished by either (1) delivering a copy of the summons and complaint to the defendant personally or to a person of suitable age and discretion then residing at the defendant's home or usual place of abode or (2) delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(2)(A)-(C). Rule 4(e) also provides that service of process may be accomplished pursuant to the law of the state in which the district court sits. Fed. R. Civ. P. 4(e)(1). North Carolina's requirements for service of process are virtually identical for all practical purposes with the requirements of Rule 4. See N.C. St. R. Civ. P. 4(j)(1).

Rule 4(m) of the Federal Rules of Civil Procedure requires a plaintiff to serve a summons and complaint on each defendant within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). The service period in Rule 4(m) is tolled while the district court considers an *in forma pauperis*

2

complaint. Robinson v. Clipse, 602 F.3d 605, 608 (4th Cir. 2010). When a plaintiff is proceeding *in forma pauperis*, the district court must order the U.S. Marshals Service to effect service. Fed. R. Civ. P. 4(c)(3). The real purpose of service of process is to give notice to the defendant, however, "actual notice" is not the controlling standard. Mining Energy, Inc. v. Dir., Office of Workers' Comp. Programs, 391 F.3d 571, 576 (4th Cir. 2004); see Karlsson v. Rabinowitz, 318 F.2d 666, 669 (4th Cir. 1963).

Rule 4(m) requires an extension of the service period when the plaintiff can show "good cause" for the failure to serve. Fed. R. Civ. P. 4(m); see also Fed. R. Civ. P. 6(b)(1)(B) (when an act must be done within a specified time, a court may, for good cause, extend that time on motion made after the time has expired if the party failed to act because of excusable neglect). The question of what constitutes "good cause" is determined on a case-by-case basis within the discretion of the district courts based on factors including whether: "1) the delay in service was outside the plaintiff's control, 2) the defendant was evasive, 3) the plaintiff acted diligently or made reasonable efforts, 4) the plaintiff is *pro se* or *in forma pauperis*, 5) the defendant will be prejudiced, or 6) the plaintiff asked for an extension of time under Rule 6(b)(1)(A). Scott v. Md. State Dep't of Labor, 673 Fed. Appx. 299 (4th Cir. 2016). If a plaintiff fails to effect service within the time required, the district court must dismiss the action "or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

### III. DISCUSSION

The Complaint in the instant case was signed on February 28, 2018 and docketed on March 6, 2018. (Doc. No. 1). Maxim argues that Defendants Patch and Vanscoten have not been served because the purported service involves an unsigned signature confirmation card was addressed and delivered to the North Carolina Division of Prisons in Raleigh. The North Carolina Department of

Public Safety has represented that it did not and does not employ Defendants Vanscoten and Patch and, even if that was their workplace, the record is insufficient to establish service of process. See Doc. Nos. 15, 33). Maxim further argues that this suit should be dismissed, or service should be quashed, because more than 90 days have elapsed since the Complaint was filed, including tolling, Defendants Patch and Vanscoten and all reasonable efforts to exhaust these Defendants have been exhausted, and there is no evidence that those Defendants have actual notice of this lawsuit.

The Court agrees that service has not been effectuated on these Defendants and that dismissal is warranted. The record reveals that the returned summonses are insufficient to establish service of process on Defendants Patch and Vanscoten in accordance with Rule 4. Further, more than 90 days have expired since the Complaint was filed, including tolling, and Defendants Patch and Vanscoten have not been served. The Court issued a Roseboro Order which provided Plaintiff the opportunity to respond to Maxim's Motion and cautioned him that the failure to respond may result in the relief that Maxim seeks. However, Plaintiff has failed to respond and thus has not disputed Maxim's assertion that service was sufficient and has not asserted that good cause exists to extend the time for service under Rule 4(m).

Maxim's Motion to Dismiss this action as to Defendants Patch and Vanscoten will therefore be granted in accordance with Rules 4(m) and 12(b)(5).

### IV. CONCLUSION

Maxim's Motion to Dismiss this action as to Defendants Patch and Vanscoten will therefore be granted pursuant to Rules 4(m) and 12(b)(5).

**IT IS, THEREFORE, ORDERED** that Intervenor Maxim Healthcare Services, Inc.'s Motion to Dismiss and Motion to Quash Service as to Defendants Patch and Vanscoten, (Doc. No. 45), is **GRANTED** and the case is dismissed as to Defendants Patch and Vanscoten without

prejudice.

Signed: May 6, 2019

Max O. Cogburn Jr
United States District Judge