UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-103-MOC

| STANLEY CORBETT, JR., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| FRANK PERRY, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on Plaintiff's *pro se* Motion for Default Judgment as to Defendant Gregory Haynes, (Doc. No. 56). Defendant Haynes has filed a Response in Opposition, (Doc. No. 63), in which he requests 30 days within which to file an Answer or otherwise respond to the Complaint.

Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Lanesboro Correctional Institution. (Doc. No. 1). The Complaint passed initial review on claims of deliberate indifference to a serious medical need and/or failure to adequately train, supervised, and establish policies to ensure adequate medical care. (Doc. No. 9).

Defendant Haynes was personally served on October 25, 2018, (Doc. No. 24), so his answer was due on November 15, 2018. Plaintiff filed the instant Motion for Default Judgment, (Doc. No. 56), under the prisoner mailbox rule on July 4, 2019. He requests entry of judgment against Defendant Haynes for $25,000 in compensatory damages, $10,000 in punitive damages, plus interest and costs totaling $35,107.80. Counsel filed a Notice of Appearance of behalf of Defendant Haynes on August 16, 2019 and filed the instant Response in Opposition to Default Judgment on September 19, 2019, (Doc. Nos. 58, 59, 63). He has also filed a Memorandum and

1

Affidavit in opposition to Plaintiff's Motion. (Doc. Nos. 64, 64-1).

Defendant Haynes admits that he was served on October 25, 2018. However, he states in his Affidavit that he was also served in another case around that time, case number 3:17-cv-311, and filed a waiver of service through counsel in that case on October 15, 2018. "Due to the close proximity in time of these services, [Defendant Haynes] mistakenly and inadvertently believed [he] had given [his] staffing company all of the relevant documents for both cases, as [he] do[es] in every case [he] is involved in." (Doc. No. 64-1 at 1). Defendant Haynes is "actively involved in several matters in Federal Court and it is [his] usual practice to forward all documents to [his] staffing company, who subsequently forwards it to [his] insurance carrier and counsel." (Id.). Defendant Haynes has "never avoid[ed] suit or failed to respond to a lawsuit, and this instance was a "true and honest mistake." (Id.). In this case, Defendant Haynes "mistakenly believed [he] had already forwarded appropriate documentation to [his] staffing company, when in fact [he] did not." (Id.). Counsel argues that the default should be set aside pursuant to Rule 60(b)(1) due to inadvertent mistake and excusable neglect because Defendant Haynes did not intentionally default, Defendant Haynes has a strong likelihood of success on the merits of the defense, and no party would be prejudiced as discovery is still ongoing and the dispositive motion deadline has not yet expired. Defendant Haynes requests 30 days from the date of the Order on this Motion to file a motion to dismiss and/or answer.

Rule 55(a) makes mandatory the entry of default by the clerk when a defendant "has failed to plead or otherwise defense" when "that fact is made to appear by affidavit or otherwise." Federal Rule of Civil Procedure 55 authorizes the entry of a default judgment "when a defendant fails to plead or otherwise defend in accordance with the Rules." United States v. Moradi, 673 F.2d 725, 727 (4th Cir.1982). The Clerk of the Court's "entry of default" pursuant to Rule 55(a) of the

Federal Rules of Civil Procedure provides notice to the defaulting party prior to the entry of default judgment by the court. Carbon Fuel Co. v. USX Corp., 153 F.3d 719 (4th Cir. 1998). After the entry of default, the non-defaulting party may move the court for "default judgment" under Federal Rule of Civil Procedure 55(b). Id. The clear policy of the Rules is to encourage dispositions of claims on their merits. See Moradi, 673 F.2d at 725. Moreover, the Fourth Circuit strongly favors resolving cases on their merits. United States v. Shaffer Equip, Co., 11 F.3d 450, 453 (4th Cir. 1993). Trial judges are vested with discretion, which must be liberally exercised, in entering such judgments and in providing relief therefrom. See Fed. R. Civ. P. 55(c), 60(b). The Fourth Circuit has established a six-factor analysis to determine whether good cause exists to set aside an entry of default: (1) whether the defaulting party has a meritorious defense; (2) whether the defaulting party acts with reasonable promptness; (3) the personal responsibility of the defaulting party; (4) the prejudice to the non-defaulting party; (5) whether there is a history of dilatory action; and (6) the availability of less drastic sanctions. Moradi, 673 F.2d at 728. Traditionally, the Fourth Circuit has held that "relief from a judgment of default should be granted where the defaulting party acts with reasonable diligence in seeking to set aside the default and tenders a meritorious defense." Moradi, 673 F.2d at 727.

It appears that the Clerk never entered a default in this case pursuant to Rule 55(a). However, even if a default had been entered, the Court would set it aside based on excusable neglect. See Fed. R. Civ. P. 60(b)(1).[1] Defendant Haynes submitted an Affidavit averring that the failure to respond in the instant case was honest and inadvertent and that he has never failed to respond to a lawsuit. He asserts that he has a meritorious defense and that no party will be

---

[1] The court may relieve a party from a final judgment, order, or proceeding on motion and just terms, for "mistake, inadvertence, surprise, or neglect." Fed. R. Civ. P. 60(b)(1). The moving party must demonstrate that the motion is timely, he has a meritorious defense to the action, and the opposing party will not be unfairly prejudiced if the judgment is set aside. See Park Corp. v. Lexington Ins. Co., 812 F.2d 894 (4th Cir. 1987).

3

prejudiced if he is permitted to proceed. Plaintiff does not dispute any of these assertions. For all the foregoing reasons, the Court chooses to exercise its discretion and deny Plaintiff's Motion. Defendant Haynes' request for a 30-day extension of time to file an answer or otherwise respond to the Complaint will be granted.

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Motion for Default Judgment as to Defendant Gregory Haynes, (Doc. No. 56), is **DENIED.**

2. Defendant Haynes' request for an extension of time for 30 days within which to file an answer or motion to dismiss, (Doc. No. 63), is **GRANTED**.

Signed: October 21, 2019

Max O. Cogburn Jr
United States District Judge