UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-103-MOC

| | |
|---|---|
| STANLEY CORBETT, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FRANK PERRY, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Defendant Haynes' Motion for Protective Order, (Doc. No. 87), and Plaintiff's Motion for Leave to Serve Additional Interrogatories, (Doc. No. 89), and Defendant Haynes' Motion for Extension of Scheduling Order Deadlines, (Doc. No. 92).

Defendant Haynes filed a Motion for Protective Order, (Doc. No. 87), with regards to Plaintiff's First Request for Interrogatories, Request for Production of Documents, and Request for Admission served February 24, 2020. Defendant Haynes argues that the request includes eight interrogatories to "all Defendants" some of which have unmarked subparts, 16 additional interrogatories to Defendant Haynes, some of which have unmarked subparts, and additional interrogatories to other defendants, 12 Requests for Production of Documents but they do not indicate to which defendants they are directed, and 17 Requests for Admissions that do not indicate which defendants they are directed at. Rule 33 limits Plaintiff to 25 written interrogatories and the Case Management Plan further limits interrogatories to 20, including subparts. Defendant Haynes requests a protective order under Rule 26(c), allowing him to withhold his responses to these discovery requests until Plaintiff has served discovery on Haynes that complies with the Case Management Plan. Plaintiff has filed a Response through discovery counsel NCPLS, (Doc. No.

1

88), opposing Defendant Haynes' Motion.

Plaintiff argues that a protective order should be denied and has filed a Motion for Leave to Serve Additional Interrogatories, (Doc. No. 89). Plaintiff argues that Defendant Haynes has not specified any reasons why the four additional interrogatories should be considered unreasonable or unnecessary or why responding to them would be unduly burdensome. Plaintiff requests permission to serve additional interrogatories in this case pursuant to Rule 33(a) of the Federal Rules of Civil Procedure due to the complexity of the case including the number of defendants, the differing roles of each of the remaining defendants, the number of surviving claims, the length of time covered by Plaintiff's claims, and the great number of events detailed in Plaintiff's Complaint.

The court has "wide latitude in controlling discovery and … [t]he latitude given the district courts extends as well to the manner in which it orders the course and scope of discovery." Ardrey v. United Parcel Service, 798 F.3d 679, 682 (4th Cir. 1986). NCPLS has explained why the discovery requests are reasonable and why additional interrogatories should be allowed in this case and the Court agrees. Therefore, Defendant Haynes' Motion for Protective Order will be denied and Plaintiff's Motion for Leave to Serve Additional Interrogatories will be granted.

Defendant Haynes has also filed a Motion seeking to extend the discovery deadline until October 16, 2020, and the dispositive motions deadline until November 18, 2020, due to the COVID-19 pandemic and the discovery posture of the case. Plaintiff and co-Defendants' counsel have consented. The Motion for an extension of the discovery and dispositive motions deadlines will be granted for good cause shown.

**IT IS ORDERED** that:

1. Defendant Haynes' Motion for Protective Order, (Doc. No. 87), is **DENIED**.

2. Plaintiff's Motion for Leave to Serve Additional Interrogatories, (Doc. No. 89), is **GRANTED.**

3. Defendant Haynes' Motion for Extension of Scheduling Order Deadlines, (Doc. No. 92), is **GRANTED**. The discovery deadline is extended until October 16, 2020, and the dispositive motions deadline is extended until November 18, 2020.

Signed: May 5, 2020

Max O. Cogburn Jr.
United States District Judge